UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUCIUS OLIVER, | ) | 1:03-CV-05744-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO AMEND ANSWER |
| v. | ) | (Doc. 26) |
| | ) | |
| | ) | ORDER ESTABLISHING BRIEFING |
| MIKE E. KNOWLES, | ) | SCHEDULE FOR AMENDED ANSWER AND |
| | ) | AMENDED TRAVERSE |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

Petitioner filed the instant petition on May 15, 2003. (Doc. 1). Respondent filed a response on September 19, 2003. (Doc. 10). Petitioner filed a traverse on December 19, 2003. (Doc. 15). Review of the petition on its merits is currently pending.

On June 29, 2006, Respondent filed a motion to amend his answer to include an affirmative defense that the petition was filed outside the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

Federal Rule of Civil Procedure 15(a) provides that a party may seek leave of court to amend a pleading after a responsive pleading has been filed and that permission to amend "shall be freely given when justice so requires." The Ninth Circuit has instructed the district courts that the policy of permitting amendments is to be applied with "extreme liberality." Morongo Band

1   of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  In considering such a motion,
2   the Court must address the possibility of undue delay, bad faith, the futility of amendment, and
3   prejudice to the opposing party.  Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping
4   Indust. of So. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981).

5        The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed
6   after the date of its enactment on April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct.
7   2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied,
8   522 U.S. 1008, 118 S.Ct. 586 (1997) overruled on other grounds by Lindh, 521 U.S. 320.  The
9   instant petition, filed on May 15, 2003, is therefore subject to the AEDPA's provisions, including
10  the one-year statute of limitations in § 2244(d)(1).

11       Although the provisions of § 2244(d)(1) were well-known to Respondent at the time he
12  filed his original answer, Respondent correctly points out that several United States Supreme
13  Court decisions have been issued since the answer was filed that discuss and interpret the
14  application of § 2244(d)(1) to habeas cases.

15       Thus, it does not appear that the instant motion is being asserted either in an untimely
16  manner or in bad faith.  Moreover, it appears from a cursory review of Respondent's argument
17  that there is indeed a substantial question regarding whether the instant petition is barred by
18  § 2244(d)(1).  Thus, the amendment would not be futile.

19       Finally, the Court must consider prejudice to Petitioner.  Currently, the matter is still
20  pending for a decision on the merits; however, due to the Court's large caseload, such a decision
21  is not imminent.  Accordingly, in the Court's view, any amended answer would not delay the
22  issuance of the ultimate decision on the merits.  Moreover, Petitioner will be given an
23  opportunity to file an amended traverse in order to fully answer the statute of limitations issue
24  Respondent now wishes to raise.

25       In light of all of these circumstances, including the need to apply the rule on amendments
26  with liberality, the Court will grant Respondent's motion to amend the answer.
27  ///
28  ///

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to amend the answer (Doc. 26), is GRANTED;

2. Respondent shall file the amended answer raising the statute of limitations defense within thirty (30) days of the date of service of this order; and,

3. Petitioner shall have thirty (30) days from the date of service of Respondent's amended answer to file his amended traverse.

IT IS SO ORDERED.

Dated:   **February 23, 2007**                                   /s/ Theresa A. Goldner
**j6eb3d**                                                                 UNITED STATES MAGISTRATE JUDGE