IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LUCIUS OLIVER,

    Petitioner,                    No. CIV S-03-05744 ALA HC

    vs.

MIKE E. KNOWLES, Warden,

    Respondent.                <u>ORDER</u>

_____/

    Petitioner James Lucius Oliver is a state prisoner proceeding with counsel with an application for writ of habeas corpus under 28 U.S.C. § 2254. On April 27, 2007, Respondent filed an amended answer, which alleged that Mr. Oliver's application is barred by the statute of limitations. On June 6, 2007, Petitioner filed an amended traverse with a general denial that his petition is time barred. On December 4, 2007, this Court ordered that Petitioner be appointed counsel in light of the complexities of the legal issues involved and that the parties file and serve status reports. On January 9, 2008, Petitioner's counsel filed a status report in which he stated that equitable tolling may apply to benefit the petitioner. Status Report of James Lucius Oliver.

    Respondent argues in the amended answer that Petitioner's application for writ of habeas corpus is barred by the statute of limitations. Petitioner's status report's reference to "whether

1

1  equitable tolling principles apply to benefit petitioner," may be intended to suggest that there is a
2  statute of limitations issue and that equitable tolling should be taken into consideration. *Id.*
3  Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's
4  control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th
5  Cir. 2003). The petitioner bears the burden of demonstrating that the extraordinary
6  circumstances caused the delay in filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).
7      Petitioner's amended traverse does not discuss the applicability of equitable tolling.
8  Because Petitioner is now proceeding with counsel, his attorney must demonstrate whether
9  equitable tolling principles apply, if the statute of limitations would bar this application.
10 /////
11     In accordance with the above, IT IS HEREBY ORDERED that:
12     1. Petitioner is ordered to file a brief discussing the facts, if such exist, which
13 demonstrate that equitable tolling principles apply in this matter within twenty-eight (28) days of
14 this order.
15     2. Respondent may file a reply within fourteen (14) days after receipt of Petitioner's
16 brief.
17 DATED: February 4, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

2