IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LUCIUS OLIVER,

    Petitioner,                    No. 1:03-CV-5744 ALA HC

    vs.

MIKE E. KNOWLES,               ORDER

    Respondent.

_____/

    Petitioner James Lucius Oliver, a state prisoner, filed an application for habeas corpus relief on May 15, 2003 based on alleged violations of his federal constitutional rights. Respondent Mike E. Knowles, the Warden of Corcoran State Prison has filed an amended answer to the application in which he asserts that it should be dismissed without considering the merits of Petitioner's claims because it is barred by one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d). Petitioner contends that the one-year statutory limitation period has not run at the time he filed his application in this court because it was tolled while he was attempting to exhaust his federal constitutional claims in state court. He also asserts, alternatively, that he is entitled to equitable tolling because unspecified, extraordinary circumstances made it impossible to file a federal petition for habeas corpus relief on time.

1

Because Petitioner has failed to demonstrate that the one-year period between October 10, 2000, and the filing of his application for habeas corpus relief in this Court on May 10, 2003, was statutorily or equitably tolled, Petitioner's application must be dismissed with prejudice.

# I

## A

A judgment of conviction for burglary was entered against Petitioner in the Fresno County Superior Court on March 10, 1998. He was sentenced to some 25 years to life. He filed a timely appeal from the judgment. The California Court of Appeal for the Fifth Appellate District affirmed the conviction on March 24, 2000.

The California Supreme Court denied his petition for review on July 12, 2000. He did not file a petition for certiorari in the United States Supreme Court to seek review of the denial of his direct appeal by the California Supreme Court. Thus, the decision of the California Supreme Court dismissing his petition for review of his direct appeal became final on October 12, 2000. *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir. 1999).

## B

### 1

Petitioner filed a petition for a writ of habeas corpus with the Fresno Superior Court on May 7, 2001. Because it was signed on May 1, 2001, the statute of limitations was tolled on that date.[1] It was denied on May 10, 2001.

### 2

On August 16, 2001, Petitioner filed a second petition for a writ of habeas corpus with the Fresno County Superior Court. It was signed by the Petitioner on August 10, 2001. It was denied on August 20, 2001.

---

[1] In *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000), the Court held that "federal and state habeas corpus petitions are deemed filed when the pro se delivers them to prison authorities for forwarding to the Clerk of the Court. This is referred to as the "mailbox rule."

**3**

On December 13, 2001, Petitioner filed a petition for habeas corpus relief with the California Court of Appeal for the Fifth Appellate District. It was denied on May 2, 2002.

**4**

On May 28, 2002, Petitioner filed a petition for habeas corpus relief with the California Supreme Court. It was denied on December 11, 2002.

**5**

As noted above, Petitioner filed his application for habeas corpus relief in this Court on May 15, 2003, more than one year after his direct appeal became final on October 12, 2000. AEDPA applies to this matter because it was filed after April 26, 1996, the date the statute was enacted, *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997).

**II**

The limitation provisions of AEDPA that apply to this matter read as follows:

> A 1-year period of limitation shall apply to an application for a write of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of — the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244 (d)(1)A).

Section 2244 (d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:

"The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244 (d)(2).

**A**

In this matter, Petitioner filed several applications for state post-conviction review. Accordingly, this Court must engage in a mathematical computation to determine whether the one-year limitation was complied with, after excluding the time that elapsed in presenting Petitioner's *properly* filed post-conviction petitions in state courts.

Petitioner's petition for discretionary direct review by the California Supreme Court of the judgment of conviction was denied on July 12, 2000. His direct appeal was not final until the ninety day period for Petitioner to file a petition for a writ of certiorari with the United States Supreme Court had elapsed. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitation began to run on October 10, 2000, because the Petitioner failed to file a petition for certiorari with the United States Supreme Court.

Petitioner's first petition for post-conviction relief was filed on May 7, 2001. Under the "mailbox" rule, however, tolling began when he signed the petition on May 1, 2001. At that point, 202 days had elapsed since the Petitioner's direct appeal from the judgment of conviction became final. The Fresno Superior Court denied his application on May 10, 2001. This ten day period must be excluded in determining whether the statute for limitation precluded the filing of an application pursuant to § 2254 (d)(1)(A).

**2**

Petitioner's second application for state habeas corpus relief was filed on August 16, 2001 in the Fresno County Superior Court. It was signed, however, on August 10, 2001. This petition contained some claims from the first petition as well as new claims. The Fresno County Superior Court denied the petition on August 20, 2001, on the ground that it was untimely under California law, as well as being a successive petition. The August petition had no tolling effect because it was not properly filed under California law. A state's "time limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo,* 554 U.S. 408, 417 (2005). Under that state's law, a "habeas corpus petition must be filed within a reasonable time after the petition or

4

counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis for the claims." *In re Harris*, 5 Cal. 4th 818, 828 n.7 (1993). Under *Pace*, if a state's court denies a petition as untimely, none of the time before or during the court's consideration of that period is statutorily tolled. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court has rejected an application for collateral relief as untimely, "that [is] the end of the matter." *Pace*, 544 U.S. at 414.

No tolling occurred between the denial of the first petition filed on May 1, 2001 and the second one filed on August 10, 2001 because it was filed in the same court. Interval tolling is appealable only where a petitioner has sought review of an adverse ruling in a higher court. *See Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999) (the running of the statute of limitations is tolled between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level). Thus, the new claims presented in the August petition were delayed and not properly filed because they were successive. They did not affect the running of the statute from October 10, 2000, the date the direct appeal was final. The claims in the August 16, 2001 petition did not trigger the tolling of the statute of limitations, pursuant to *Galaza,* because they were contained in the petition filed in the same court on May 10, 2001.

**3**

Petitioner filed a state petition for habeas with the California Court of Appeal for the Fourth District on December 13, 2001, 210 days after the Fresno County Superior Court denied his first petition on May 10, 2001– a delay of slightly more than six months. The Court of Appeal summarily denied the petition as untimely on May 2, 2002. In the absence of an indication by a state court regarding the basis for its ruling, "a federal court must decide whether the filing of a request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable' time." *Evans v. Chavis*, 126 S. Ct. 846, 852 (2006). The Supreme Court noted that:

> We have found no authority suggesting, nor found any convincing reason to believe that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' . . . .

*Id* at 854.

The limitation period was tolled on May 1, 2001, when he filed his first petition in the Fresno County Superior Court under the "mailbox rule." Thus, there was a period of 202 days during which the one-year statute of limitations was not tolled. The limitation period began to run again on May 10, 2001. At that time, 163 days remained before the one-year limitation was due to expire. The second petition for habeas corpus relief in the Fresno Superior Court, and the subsequent petition filed in the California Court of Appeal, did not serve to toll the statute of limitations because each was not properly filed. Therefore, the one-year limitation period expired on October 20, 2001 before the Petitioner filed his application for federal habeas corpus relief on May 15, 2003. The state habeas corpus petition he filed before the California Supreme Court on May 17, 2002 could not toll the limitation period because it had already expired.

## II

Petitioner contends that he is entitled to equitable tolling of the one-year statute of limitations during the time he filed for collateral review in the state court system. Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct. for C.D. of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds*, *Calderon v. U.S. Dist. Ct. for C.D. of Cal. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). These extraordinary circumstances must be "the cause of [the] untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). To be entitled to an evidentiary hearing, a petitioner must demonstrate that there is a good faith allegation that would, if true, entitle petitioner to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). A petitioner has the burden of showing that "some extraordinary facts

6

stood in his way," *Pace*, 544 U.S. at 418, and that "further factual development [is] required." *Laws*, 351 F.3d at 924.

Petitioner has failed to allege any facts that would demonstrate that extraordinary circumstances stood in his way to comply with the one-year statute of limitations. The Petitioner has failed to show that he is entitled to equitable tolling.

/////

Good cause appearing therefore, It is HEREBY ORDERED that Petitioner's request for an evidentiary hearing must be denied, and his application for a writ of habeas corpus is dismissed because it was untimely filed.

/////

DATED: February 27, 2008

                              /s/ Arthur L. Alarcón
                              UNITED STATES CIRCUIT JUDGE
                              Sitting by Designation