IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LUCIUS OLIVER,

      Petitioner,                      Case No. 1:03-cv-05744 ALA (HC)

      vs.

MIKE E. KNOWLES,

      Respondent.                 ORDER

_____/

       On February 27, 2008, this Court denied Petitioner James Lucius Oliver's request for an evidentiary hearing, and in the same Order dismissed Petitioner's application for writ of habeas corpus. (Doc. 45). This Court denied Petitioner's request for an evidentiary hearing as to equitable tolling because Petitioner failed to proffer *any* facts or evidence to make out a good-faith allegation that an extraordinary circumstance existed. Moreover, an evidentiary hearing was not required to assess the validity of Petitioner's statutory tolling arguments because the record provided adequate information as to the sequence of Petitioner's direct appeal and subsequent post-conviction petitions in California courts. This Court ultimately dismissed Petitioner's application for habeas relief because it was deemed time barred pursuant to the Anti-Terrorism and Death Penalty Act ("AEDPA"). (Doc. 45). The record made plain that Petitioner was not entitled to statutory or equitable tolling of the AEDPA one-year statute of limitations.

1

On March 6, 2008, Petitioner filed a Motion for Reconsideration. (Doc. 47). For the following reasons, Petitioner's Motion for Reconsideration is denied.

**I**

The instant Motion for Reconsideration presents evidence of Petitioner's mental health evaluations (dated 2000-2004), prescriptions (dated 1998-2002), and incident reports (2000-2003). Petitioner now contends, that in light of this evidence, an evidentiary hearing is required. Petitioner's Motion does not cite any law for its proposition that reconsideration of this Court's judgment is warranted. Reconsideration, nonetheless, is not required under the federal or local rules.

Pursuant to Rule 60 (b)(2) of the Federal Rules of Civil Procedure, it is appropriate for a district court to reconsider its judgment when "newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" is presented to the court. Even though trials are not applicable to federal habeas review, the crux of Rule 60(b)(2) is applicable here. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, provides that the Federal Rules of Civil Procedure apply to habeas proceedings insofar as the cited rule does not contravene any habeas corpus statutory provision.

In addition to the above federal rule, this Court must apply the United States District Court, Eastern District of California's Local Rule 78-230(k) ("Local Rule 78-230(k)") to decide whether Petitioner proffered requisite evidence to warrant reconsideration of its judgment. *See Goodstein v. Continental Cas. Co.*, 509 F. 3d 1042, 1051 (9th Cir. 2007) (reviewing a district court's denial of a Motion for Reconsideration, and finding that the district court's reliance on its local rule was not an abuse of discretion). Local Rule 78-230 (k)(3) and (4) require that the moving party present, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and why the facts or circumstances were not shown at the time of the prior motion."

The question before this Court is whether Petitioner proffered evidence that substantiates his claim that the new evidence should warrant reconsideration of this Court's judgment. Petitioner states in his Motion for Reconsideration: "This new evidence was just received by Petitioner on the issue of whether equitable tolling should apply . . . ." (Doc. 47 at 2). The evidence Petitioner refers to are the mental health forms, prescriptions and incident reports retained by the prison.

The Ninth Circuit in *Frederick S. Wyle Professional Corp. V. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) affirmed the district court's finding that the movant for reconsideration did not prove that the evidence presented was "newly discovered." The Court held that "a movant [for reconsideration] 'is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.'" *Id*. at 609 (quoting *Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F. 2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964).

In light of *Frederick S. Wyle Professional Corp.*, Petitioner's characterization of this evidence as new does not suffice to meet his burden. The fact that the evidence was new to the litigation does not automatically render Petitioner's evidence "newly discovered" as provided by this precedent or Federal Rule 60(b)(2).

All the evidence tendered by Petitioner existed before this Court rendered its decision to deny Petitioner's equitable tolling claims. Petitioner, therefore, had to show that even with the employment of reasonable diligence, he would be unable to produce this evidence throughout the litigation.

During the litigation, Petitioner had four opportunities to provide this Court with facts to support his assertion that tolling applies to the instant action. Petitioner submitted an amended traverse, a status report, an ordered brief and a request for the evidentiary hearing. As set forth

below, Petitioner's four filings failed to proffer any evidence to support his argument that equitable tolling applied to the instant action.

**A**

In response to Respondent's contention that Petitioner's habeas application was untimely under AEDPA, Petitioner filed an Amended Traverse. (Doc. 33). This Court appointed counsel after reviewing Petitioner's Amended Traverse, which did not adequately address the issues of presented in the Amended Answer regarding the issue of timeliness of the federal petition. (Doc. 36).

**B**

As ordered by this Court, Petitioner's counsel filed a Status Report on January 10, 2008. (Doc. 39). Counsel for Petitioner expressed that a brief investigation was required to discover facts to demonstrate that the equitable tolling doctrine should be applied by the Court. Counsel did not elaborate as to the basis for equitable tolling, or the facts he expected to find. In light of this intimation, this Court ordered Petitioner "to file a brief discussing the facts, if such exists, which demonstrate that equitable tolling principles apply in this matter . . ." (Doc. 40). This Court's Order requested a brief solely on the issue of equitable tolling. As per the Order, this Court granted Petitioner twenty-eight days to file the brief.

**C**

Petitioner filed the ordered brief, but failed to apply the facts of Petitioner's case to the law warranting equitable tolling. (Doc. 43). Petitioner's brief outlined relevant Ninth Circuit precedents regarding the law of equitable tolling. For example, Petitioner's brief provides, "In order to win equitable tolling, a prisoner must demonstrate 1) 'extraordinary circumstances beyond the prisoner's control' that 2) 'made it impossible to file a petition on time.'" (Doc. 43) (*quoting Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)). This Court was unable to assess the validity of the potential equitable tolling claims without facts to

substantiate such an allegation. The brief did not rebut Respondent's contention that Petitioner was not entitled to federal habeas relief.

Review of Petitioner's brief suggests that while not all of the facts tending to support equitable tolling were not known at this point of the litigation, some facts to support his brief must have existed. Specifically, in the "Conclusion" of Petitioner's brief, counsel wrote, "All of the facts which may further support equitable tolling are not known and accordingly an evidentiary hearing should be ordered to provide those additional facts to this court before ruling on these issues of the statute of limitations and equitable tolling." (Doc. 43). Counsel's statement regarding "all of the facts" baffles this Court, however, because not one fact was presented throughout the brief in regard to equitable tolling. Ironically, the purpose of the ordered brief was to provide this Court with facts so it could determine whether Petitioner was entitled to equitable tolling of AEDPA's limitations period. Petitioner provided no indication of what extraordinary circumstances he faced. The only facts presented in the brief were irrelevant dates relating to the issue of statutory tolling, an issue not within the specified parameters of the Court's order. Counsel's informal request for an evidentiary hearing was not yet appropriate as he failed to make a showing that an evidentiary hearing was warranted.

**D**

On February 26, 2008, Petitioner filed a formal request for an evidentiary hearing. (Doc. 44). Petitioner's request proposed an evidentiary hearing that would encompass equitable and statutory tolling issues, in addition to Petitioner's underlying constitutional claims.

In *Schriro v. Landrigan*, 127 S.Ct. 1933, 1934 (2007), the United States Supreme Court held that a district court is not required to grant an evidentiary hearing when the record itself refutes the applicant's factual allegations or otherwise precludes habeas relief. In the instant case, this Court determined that an evidentiary hearing as to the issue of statutory tolling was not necessary because the record provided sufficient information to determine that federal habeas

relief was precluded because the petition was barred by the AEDPA statutory limitations period.

A habeas petitioner's motion for an evidentiary hearing should be granted when "a good-faith allegation that would, if true, entitle petitioner equitable tolling." *Laws v. LaMarque*, 351 F.3d 919, 919 (9th Cir. 2003). Conclusory allegations, that are unsupported by specific facts, do not warrant an evidentiary hearing. *Williams v. Woodford*, 306 F.3d 665, 686 (9th Cir. 2002).

Petitioner's request for an evidentiary hearing contained five points. (Doc. 44). First, Petitioner's counsel incorporated the ordered supplemental brief discussed above as a basis for the proposed evidentiary hearing. Second, Petitioner's counsel informed this Court that it is within a district court judge's discretion to receive evidence bearing upon the habeas applicant's constitutional claims. Third, Petitioner's counsel incorporated a former request for an evidentiary hearing in regard to Petitioner's underlying constitutional claims. Fourth, Petitioner's counsel advised this Court that he was uncertain of what additional facts needed to be developed to substantiate Petitioner's statutory and equitable tolling claims because he was not Petitioner's counsel for the state court proceedings. Finally, Petitioner's counsel pointed out that a full and fair hearing was never held as to the issue of equitable tolling.

These five points do not warrant an evidentiary hearing as provided by *Laws supra* because the request does not provide a good-faith allegation that extraordinary circumstances made it impossible to file his application within one year. If reasonable diligence had been employed, the evidence Petitioner now presents should have been discovered and brought before this Court rendered its decision.

Petitioner also failed to meet the elements warranting reconsideration under Local Rule 78-230(k). Local Rule 78-230(k) is a conjunctive test requiring Petitioner to present new facts and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(k)(4). The Petitioner has failed to demonstrate why the newly presented evidence was not offered to Court before it entered its judgment.

Local Rule 78-230(k) does not provide for another bite at the apple, but rather exists to accommodate petitioners who demonstrate bona fide claims that new evidence warrants reconsideration of a Court's judgment.

## II

Petitioner has not persuaded this Court that this evidence is new or newly discovered in any context. Nonetheless, this Court reviewed the submitted evidence regarding the question of equitable tolling because the issue of mental incompetence was raised.

The post-judgment evidence, in conjunction with the facts set forth in the record, do not demonstrate extraordinary circumstances which would excuse Petitioner's untimeliness.

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct. for C.D. of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds*, *Calderon v. U.S. Dist. Ct. for C.D. of Cal. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). These extraordinary circumstances must be "the cause of [the] untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Grounds for equitable tolling are highly fact dependent. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). Therefore, the fact that Petitioner has a mild form of mental illness does not in itself require equitable tolling. The record in this case makes clear that Petitioner's mental illness has not been a hindrance in accessing courts and pursuing his rights in other contexts.

The AEDPA limitations period should be equitably tolled when a prisoner shows that during the relevant time period, the mental illness made the filing of a timely application for writ of habeas corpus impossible. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)  Petitioner submitted numerous incident reports beginning in 2000, which rebut Petitioner's mental incompetence arguments inasmuch as they illustrate Petitioner's ability to pursue an appeals

7

process and write well enough to articulate his grievances.

Additionally, Petitioner's contention that he did not receive adequate access to the law library or his mail and time to work on his case is unpersuasive. The record shows that Petitioner has a long history of accessing the judicial system. Petitioner's state filings are extensive, especially during the time period following his direct appeal in California courts. The existence of Petitioner's state habeas appeals contradict Petitioner's equitable tolling arguments. Simply put, if Petitioner could file state petitions for habeas relief subsequent to the conclusion of his direct appeal, then none of the alleged circumstances could have been so extraordinary to prevent him from timely filing his federal habeas petition. *See Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005) (finding that Petitioner's physical and mental disabilities did not rise to the level of extraordinary circumstances, for the purpose of equitably tolling AEDPA's limitations period, based on Petitioner's ability to file state level petitions during the relevant time period).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration is DENIED.

////

DATED: May 30, 2008

/s/ Arthur L. Alarcón  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation